IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

DAYAKAR MOPARTY,
          Petitioner,

v.

KATHLEEN TOOMEY,
Acting Director,
United States Bureau of Prisons,

FELIPE MARTINEZ JR.
Warden, Oakdale II FCI,
          Respondents.

Case No.:

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Pursuant to 28 U.S.C. § 2241, Petitioner Dayakar Moparty, Federal Bureau of Prisons Register Number 26208-479, by and through undersigned counsel, requests that this Court award Mr. Moparty seven hundred and seventy-four (774) days of First Step Act Program days, along with any further relief that this Court deems equitable and just.

The Bureau of Prisons ("BOP") had awarded Mr. Moparty seven hundred and seventy-four (774) First Step Act ("FSA") Program days for the period of September 22, 2022, to November 3, 2024[1]. These program days made Mr. Moparty's Conditional Transition to Community Date December 25, 2024. *Id*. After

---

[1] These 774 days were part of the 1110 FSA Program Days that accrued to Mr. Moparty. See Exhibit A-FSA Time Credit Assessment, November 3, 2024.

Mr. Moparty was not released on that date, he was told by BOP staff that since his release date fell on a holiday, he would not be released to a Residential Reentry Center ("RRC") until the beginning of 2025.  However, Mr. Moparty was never released to the RRC.  Instead, on February 10, 2025,  BOP reversed course and disallowed the seven hundred and seventy-four (774) First Step Act ("FSA") Program days he was entitled to, thereby extending his confinement by extending his Conditional Transition to Community Date until September 16, 2025[2]. These 774 FSA Program Days were disallowed even though Mr. Moparty was serving his sentence and was successfully participating in programming and productive activities.  The reason why these program days were disallowed were solely because of Mr. Moparty not being at his designated institution.  Thus,  Mr. Moparty should not be disqualified from earning these FSA Program days.

Accordingly, this Court should order BOP to recalculate Mr. Moparty's release date to include the 774 FSA Program days that he earned.

## STATEMENT OF FACTS

Dayakar Moparty is an inmate at the minimum-security Federal Prison Camp ("FPC") at Oakdale II Federal Correctional Institution ("FCI") which is in the Western District of Louisiana.  Felipe Martinez Jr. is the Warden for Oakdale II FCI and Kathleen Toomey is the Acting Director of the Bureau of Prisons.  At FPC

---

[2] Exhibit B-FSA Time Credit Assessment February 10, 2025.

Oakdale, Mr. Moparty is currently serving a term of 108 months imprisonment and 24 months imprisonment, which run concurrently and were imposed by the United States District Court for the Southern District of Texas on November 8, 2019, and September 12, 2024 respectively.   See Exhibit C-*United States v. Moparty*, 4:17-CR-290 (SDTX), DE-288; *United States v. Moparty*, 18-CR-279 (SDTX), DE-72[3].

On September 22, 2022, after being sentenced on the 2017 Indictment Mr. Moparty left FPC Oakdale on a writ out of the Southern District of Texas for the 2018 Indictment, Case#18-Cr-279.  From September 22, 2022, to January 19, 2023, Mr. Moparty was housed at a GEO Group facility, Joe Corley Processing Center, serving his sentence.  That facility is under contract with the United States Marshal's Service to house sentenced federal inmates.  On January 19, 2023, Mr. Moparty appeared in the United States District Court for the Southern District of Texas for the 2018 Indictment. From January 19, 2023, to August 14, 2024, Mr. Moparty was housed at a GEO Group facility, Joe Corley Processing Center, serving his sentence. From August 14, 2024, to September 12, 2024, Mr. Moparty was at a Bureau of Prisons facility, FDC Houston, serving his sentence.  On September 12, 2024, Mr. Moparty appeared in Court in the Southern District of Texas for his criminal case. From September 12, 2024, to November 1, 2024, Mr. Moparty was at a Bureau of

---

[3] See Exhibit C-Judgments in a Criminal Case.  In Case#4:17CR00290 Mr. Moparty was sentenced for twenty-one counts, Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349 (Count 1), Aiding and Abetting Health Care Fraud in violation of 18 U.S.C. § 1347 and § 2, (Counts 2-18), and Aiding and Abetting Money Laundering in violation of 18 U.S.C. § 1957 and § 2, (Counts 19-21). In Case #4:18CR00279  Mr. Moparty was sentenced on one count-Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349.

Prisons facility, FDC Houston, serving his sentence. From November 1, 2024, to November 5, 2024, Mr. Moparty was housed at a GEO Group facility, Joe Corley Processing Center, serving his sentence. On November 5, 2024, Mr. Moparty returned to his designated institution, FPC Oakdale.

During his time at the Joe Corley Processing Center, Mr. Moparty engaged in productive activities by working in the kitchen as a trustee, team leader, line cook and cleaner[4]. Mr. Moparty also participated in substantial programming at Joe Corley Processing Center.[5]

Mr. Moparty's FSA Risk Assessment has always been minimum. *See* Exhibits A and B-FSA Time Credits and Exhibit F-Individual Needs Plan-Program Review.

## JURISDICTION

This Court has jurisdiction under the residual clause of 28 U.S.C § 2241. *United States v. Cleto*, 956 F.2d 83 (5th Cir. 1992). Venue is proper in this Court because this is "the district court of the district wherein the restraint complained of is had." 28 U.S.C. § 2241, *Cleto*, 956 F. 2d at 84.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES IS FUTILE OR WILL CAUSE IRREPERABLE HARM

Mr. Moparty will suffer irreparable harm if he is forced to avail himself of administrative remedies. Mr. Moparty's conditional release date was December 25,

---

[4] See Exhibit D-Payroll Summary and Pay stubs.
[5] See Exhibit E-Class Certificates.

2024, when BOP awarded him the same 774 days they subsequently disallowed on February 10, 2025. Since these 774 days were awarded, there was no reason for Mr. Moparty to seek administrative remedies before his release date. Now, Mr. Moparty suffers irreparable harm every day until the Court decides this Petition because if the Court were to grant the Petition, Mr. Moparty will be transferred to an RRC.

Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action. *Gallegos-Hernandez v. U.S.*, 688 F.3d 190, 194 (5th Cir. 2012). Courts, in their discretion, may waive the exhaustion requirement in various situations, including "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (internal quotation marks and citation omitted). Because exhaustion is not required by statute, it is not jurisdictional. *Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir.1987), *cert. dismissed*, ___ U.S. ___, 109 S.Ct. 358, 102 L.Ed.2d 349 (1988); Montgomery, 572 F.2d at 252. Accord *Harris v. Martin*, 792 F.2d 52, 54 n. 2 (3d Cir.1986) (court reached the merits despite petitioner's failure to exhaust his administrative remedies, implying that the exhaustion requirement is not jurisdictional); *Jackson v. Carlson*,

707 F.2d 943, 949 (7th Cir.), *cert. denied*, 464 U.S. 861, 104 S.Ct. 189, 78 L.Ed.2d 167 (1983); *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir.1991) (Exhaustion is not required if pursuing those remedies would be futile). Resorting to administrative remedies is also futile because BOP is relying on 28 C.F.R. § 523.42(a) to disallow the time credits and Mr. Moparty does not dispute the fact that he was not housed at his designated facility, FPC Oakdale, during this time period.

## ARGUMENT

## GROUND I

### MR. MOPARTY IS ENTITLED TO 774 FSA PROGRAM DAYS SINCE HIS SENTENCE HAD COMMENCED

Mr. Moparty was entitled to earn 774 FSA Program days that he is being denied after the imposition of his sentence of imprisonment. BOP is refusing to award Mr. Moparty these credits solely because he was not at his designated institution.

### A. Holdover Status/FSA Program Days

From September 22, 2022, to November 3, 2024, Mr. Moparty was in holdover status pursuant to 28 C.F.R. §541.23(b) and was entitled to 774 FSA Program days which he has not received. Since Mr. Moparty had already been sentenced, he was entitled to earn his FSA Program days during this period.

### B. BOP Regulation Contradicts Clear Congressional Intent

The issue in this case is that the BOP regulation adds an extra layer to the First Srep Act and as such it is invalid. Here, the BOP is relying on 28 C.F.R. § 523.42(a) to disallow the time credits which states:

> **(a) *When an eligible inmate begins earning FSA Time Credits.*** An eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences (*the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served*).(Emphasis added.)

However, 18 U.S.C. § 3632(d)(4)(B) itself imposes no such limitation or exclusions on an inmate's eligibility to earn FTCs nor does it impose any restrictions on the BOP from evaluating or determining an inmate's participation in various programming across different facilities where sentenced federal inmates are housed.

### C. Pre-*Loper Bright* Cases Holding BOP Regulation Invalid

From September 22, 2022, to November 3, 2024, Mr. Moparty did in fact earn FSA program days which is why they were initially awarded to him by BOP as he was programming and was engaged in productive activities. Mr. Moparty is entitled to these credits from the date the sentence commenced under 18 U.S.C. § 3585(a) which specifies the date the defendant is received in custody awaiting transport to his initial BOP-designated facility as the date his or her sentence to a term of imprisonment commences for purposes of determining whether he can begin to earn FSA time credits. *Yufenyuy v. Warden, FCI Berlin*, 659 F. Supp. 3d 213, 218 (D.N.H. 2023); *see also Patel v. Barron*, No. C23-937-KKE, 2023 WL 6311281, at *5 (W.D.

Wash. Sept. 28, 2023) (finding that "the FSA unambiguously requires the BOP" to calculate an inmate's FTC eligibility from the date the inmate is sentenced and committed to custody of the BOP); *Mohammed v. Stover*, No. 3:23-CV-757 (SVN), 2024 WL 1769307, at *2 n.2 (D. Conn. Apr. 23, 2024) (noting its agreement with the "reasoning of *HuiHui v. Derr,* No. CV 22-00541 JAO-RT, 2023 WL 4086073 (D. Haw. June 20, 2023)*,* and *Yufenyuy* … which found that BOP's regulations precluding inmates from being eligible to earn FSA credits beginning on the date their sentences commenced contradicts clear congressional intent and are therefore due no deference."); *Jobin v. Warden, FCI-Mendota*, No. 1:23-CV-01700-WBS-SKO (HC), 2024 WL 1367902, at *4 (E.D. Cal. Apr. 1, 2024), *report and recommendation adopted*, No. 1:23-CV-01700-WBS-SKO (HC), 2024 WL 2786898 (E.D. Cal. May 30, 2024) (finding that "under 18 U.S.C. § 3632(d)(4)(B)(ii), [the petitioner's] eligibility for FSA time credits commenced the moment he was sentenced under 18 U.S.C. § 3585(a), because he was in BOP custody."); *Umejesi v. Warden, FCI Berlin*, No. 22-CV-251-SE, 2023 WL 4101455 (D.N.H. Mar. 30, 2023) (same).

### D. Post-*Loper Bright* Case Holding BOP Regulation Invalid

After the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), the Court in *Sharma v. Peters*, No. 24-cv-00158-RAH-KFP (MDAL) Docket Entry 23 arrived at the same conclusion holding that the statute

unambiguously addresses the question of when an inmate is eligible for FSA credit. Thus, the BOP's regulation that adds a layer of eligibility not found in the statute conflicts with the express language of the First Step Act statute. *Id* at 16.

Under 18 U.S.C. § 3632(d)(4)(B), the FSA Time Credits are available for successfully completed programing unless that programming is completed: (1) "prior to the date of enactment of this subchapter; or ... during official detention prior to the date that the prisoner's sentence commences under section 3585(a);" or (2) the prisoner is otherwise ineligible under section 3632(d)(4)(D). Mr. Moparty does not meet any of these disqualifications. Rather, Mr. Moparty is being disqualified solely because he was not at his designated institution. The *Sharma* court held that the language of 18 U.S.C. § 3632(d)(4)(B) itself imposes no such limitation or exclusions on an inmate's eligibility to earn FTCs nor does it impose any restrictions on the BOP from evaluating or determining an inmate's participation in various programming across different BOP facilities. *Id* at 20. Further, the Court found that "The BOP must apply time credits to eligible prisoners who have earned them and cannot categorically make prisoners ineligible for such credits in a manner that contravenes the statutory scheme set forth in 18 U.S.C. § 3632". *Id.* By not awarding Mr. Moparty his earned FSA Program days the BOP is categorically making him ineligible in contravention of that statutory scheme. Since Mr. Moparty's PATTERN Score was minimum throughout the service of his sentence,

and he was in fact programming and/or doing productive activities throughout the challenged period, the Bureau of Prisons must award 774 FSA Program days to Mr. Moparty.

## Conclusion

This Court should order that BOP recalculate his release date and award Mr. Moparty 774 FSA Program days towards the fulfillment of Mr. Moparty's sentence and transfer Mr. Moparty to prerelease custody forthwith, along with any further relief that this Court deems equitable and just.

Respectfully submitted,

s/Gennaro Cariglio Jr.
Gennaro Cariglio Jr., Esq.
GENNARO CARIGLIO JR. P.L.
8101 Biscayne Blvd. Penthouse 701
Miami, Florida 33138
Tel: (305) 899-0438
Florida Bar #: 51985
sobeachlaw@aol.com
Attorney for Dayakar Moparty
*Pro Hac Vice* pending

s/Nelson W. Cameron
Nelson W. Cameron, Esq.
675 Jordan St.
Shreveport, LA 71101-4748
Tel: (318) 226-0111
Louisiana Bar #: 01283
eganspk@gmail.com
Attorney for Dayakar Moparty